UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

COMMONWEALTH OF MASSACHUSETTS,

Plaintiff,

v.

SULCO WAREHOUSING & LOGISTICS, LLC and
SULLIVAN HOLYOKE PROPERTY ASSOCIATES,
INC.,

Defendants.

Case No. 1:20-cv-12182

**CONSENT DECREE**

WHEREAS, Sullivan Holyoke Property Associates, Inc. ("Sullivan) owns and Sulco

Warehousing & Logistics, LLC ("Sulco") (jointly the "Companies") operates a warehousing and

transportation facility at 311 Industry Ave, Springfield, Massachusetts (the "Facility");

WHEREAS, the Commonwealth of Massachusetts ("Commonwealth"), acting through

the Office of the Attorney General ("Attorney General's Office"), alleges in its Complaint that

the Companies have discharged industrial stormwater from the Facility into the City of

Springfield's municipal separate storm drain system ("Springfield MS4"), which discharges into

Poor Brook, a tributary of the Chicopee River, without obtaining and complying with a federal

stormwater permit issued by the United States Environmental Protection Agency ("Stormwater

Permit"), in violation of the Federal Clean Water Act, 33 U.S.C. §1331(a);

WHEREAS, on August 19, 2020, the Attorney General's Office provided notice of the

alleged violations and of the Attorney General's Office's intention to file suit against Sulco and

Sullivan ("Notice") to the Administrator of the United States Environmental Protection Agency

("EPA"); the Administrator of EPA Region 1; the Massachusetts Department of Environmental

1

Protection; and to the Companies, pursuant to Section 505 of the Federal Clean Water Act, 33 U.S.C. §1365;

WHEREAS, following receipt of the August 19, 2020 Notice, the Companies have taken certain steps, including developing and implementing a Storm Water Pollution Prevention Plan ("SWPPP") pursuant to the requirements of the Stormwater Permit;

WHEREAS, Sulco and Sullivan anticipate that these steps, together with the implementation of the measures set forth herein and in the Companies' SWPPP for the Facility, will enable them to comply with the requirements of the Federal Clean Water Act;

WHEREAS, today the Attorney General filed a complaint against Sulco and Sullivan in the United States District Court, District of Massachusetts;

WHEREAS, the Attorney General's Office and the Companies have reached an agreement to resolve the ligation; and

WHEREAS, this Consent Decree shall be submitted to the United States Department of Justice for the 45-day statutory review period, pursuant to 33 U.S.C. § 1365(c).

NOW THEREFORE, based on the Joint Motion of the Parties for Entry of this Consent Decree, before taking any testimony, without the adjudication of any issues of fact or law except as provided in Section I (Jurisdiction and Venue), and without the Parties admitting or denying any allegations, it is ADJUDGED, ORDERED, AND DECREED, as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the parties and the subject matter of this action pursuant to Section 505(a)(1)(A) of the Federal Clean Water Act, 33 U.S.C. § 1365(a)(1)(A), and 28 U.S.C. § 1331 (an action arising under the laws of the United States). Venue is proper in the

District of Massachusetts pursuant to Section 505(c)(1) of the Federal Clean Water Act, 33 U.S.C. § 1365(c)(1).

2.	The Complaint alleges facts that, if proven, would constitute good and sufficient grounds for the relief set forth in this Consent Decree.

## II. EFFECTIVE DATE

3.	The effective date of this Consent Decree ("Effective Date") shall be when the Court enters the Consent Decree on the docket.

## III. PARTIES BOUND

4.	This Consent Decree shall constitute a binding agreement between the parties, and the Companies each consent to its entry as a final judgment by the Court and waives all rights of appeal upon its entry on the docket. If the Court declines to enter this Consent Decree on any ground except one related to form, this Consent Decree is voidable at the option of any party within fourteen (14) days of the Court's decision. If, on the other hand, the Court determines that substantive modifications to this Consent Decree are necessary prior to the Court's entry of it, the parties shall enter into good faith negotiations to discuss the modifications, and this Consent Decree shall be void unless the Commonwealth, Sullivan, and Sulco agree otherwise in writing within fourteen (14) days of the Court's decision.

5.	The provisions of this Consent Decree shall apply to and bind Sulco and any person or entity acting by, for, or through Sulco whose duties might include compliance with and provision of this Consent Decree, including Sulco's managers, directors, officers, supervisors, employees, agents, servants, attorneys-in-fact, successors, and assigns who have such duties, and those persons in active concert or participation with Sulco who receive notice of this Consent Decree.

3

6.     The provisions of this Consent Decree shall apply to and bind Sullivan and any person or entity acting by, for, or through Sullivan whose duties might include compliance with and provision of this Consent Decree, including Sullivan's managers, directors, officers, supervisors, employees, agents, servants, attorneys-in-fact, successors, and assigns who have such duties, and those persons in active concert or participation with Sullivan who receive notice of this Consent Decree.

7.     Sulco shall provide a true copy of this Consent Decree to all of its managers, directors, officers, supervisors, employees, and agents whose duties might include compliance with any provision of this Consent Decree. Sulco shall also provide a copy of this Consent Decree to any contractor retained by it to perform stormwater management improvements required under this Consent Decree and shall inform each contractor of the obligation to perform its work in compliance with the terms of this Consent Decree.

8.     Sullivan shall provide a true copy of this Consent Decree to all of its managers, directors, officers, supervisors, employees, and agents whose duties might include compliance with any provision of this Consent Decree. Sullivan shall also provide a copy of this Consent Decree to any contractor retained by it to perform stormwater management improvements required under this Consent Decree and shall inform each contractor of the obligation to perform its work in compliance with the terms of this Consent Decree.

9.     At least thirty (30) days prior to change or transfer of ownership, management, or operation of the Facility that occurs within three (3) years of the Effective Date, the Companies shall provide a copy of this Consent Decree to the proposed transferee or new manager or operator and shall simultaneously provide written notice of the prospective change or transfer in ownership, management, or operation of the Facility, together with  a copy of the proposed

written change or transfer agreement, to the Attorney General's Office in accordance with Section X (Notices) of this Consent Decree. Any attempt to change or transfer ownership, management, or operation of the Facility without complying with this paragraph shall constitute a violation of this Consent Decree. No change or transfer in ownership, management, or operation of the Facility, whether in compliance with the procedures of this Paragraph or otherwise, shall relieve the Defendants or their managers, officers, directors, agents, successors, assigns, heirs, and/or servants of any obligation under this Consent Decree, unless:

a. the transferee agrees, in writing, to undertake the obligations required by Section IV ( Payments), Section V (Injunctive Relief), and Section VI (Facility Access and Submission of Records), and to be added as a Defendant or substituted for the Defendant as a Party under the Consent Judgement and thus assume the obligations, rights, and benefits of, and be bound by, its terms;

b. the Commonwealth agrees to consent, in writing, to relieve the Defendants of their obligations under the Consent Decree; and

c. the transferee becomes a party under this Consent Judgment pursuant to Section XII (Modification).

10.    Neither Sulco nor Sullivan shall violate this Consent Decree, and neither company shall allow their officers, directors, agents, servants, attorneys-in-fact, employees, successors, assigns, or contractors to violate this Consent Decree. In any action to enforce this Consent Decree, neither Sulco nor Sullivan shall raise as a defense the failure by any of Sulco or Sullivan's managers, directors, officers, supervisors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

11.     In addition to any relief specifically provided in this Consent Decree, the Companies understand and agree that violations of this Consent Decree may by punishable by contempt pursuant to an appropriate civil contempt proceeding.

### IV. PAYMENTS

12.     Within fifteen (15) days of the Effective Date, Sulco shall pay to ReGreen Springfield the sum of thirty thousand dollars ($30,000) for projects in the Poor Brook Watershed to improve water quality. Sulco's payment shall be made by certified check, treasurer's check, or bank check and sent to ReGreen Springfield, 1 Federal Street, Springfield, Massachusetts, 01105. Confirmation of Sulco's payment to ReGreen Springfield shall be contemporaneously provided to the Commonwealth in accordance with Section X (Notices).

13.     Within fifteen (15) days of the Effective Date Sulco shall reimburse the Attorney General's Office in the amount of twenty thousand dollars ($20,000) to defray the Attorney General's Office's costs, including attorney fees, incurred in connection with its work on this matter. Payment should be made by Electronic Funds Transfer ("EFT") to the Commonwealth of Massachusetts in accordance with current EFT procedures, using the following account information:

COMMONWEALTH OF MASSACHUSETTS, OFFICE OF ATTORNEY GENERAL

REFERENCE: EPD, COMMONWEALTH v. SULCO WAREHOUSING & LOGISTICS, LLC

6

Any payments received by the Commonwealth after 4:00 P.M. (Eastern Time) will be credited on the next business day. At the time of payment, Sulco shall send notice that such payment has been made to the Commonwealth in accordance with Section X (Notices).

## V. INJUNCTIVE RELIEF

14.    The Companies agree to operate the Facility in compliance with the applicable requirements of the Stormwater Permit, including any amendments thereto, and with the Federal Clean Water Act. Specifically, the Companies shall:

   a. properly control stormwater at the Facility to minimize pollutants "to the extent achievable using control measures (including best management practices) that are technologically available and economically practicable and achievable in light of best industry practice" in Stormwater discharges from the Facility. *See* MSGP Section 2.0; and

   b. comply will all sector specific requirements of the Stormwater Permit that apply to Land Transportation and Warehousing facilities. *See* MSGP Section 8.P.

## VI. FACILITY ACCESS AND SUBMISSION OF RECORDS

15.    The Companies shall permit the Attorney General's Office to visit the Facility during normal daylight business hours during each year for the three (3) years following the Effective Date, provided that the Attorney General's Office provides at least forty-eight (48) hours of prior notice. During any site visit, the Attorney General's Office shall have access to and permission to copy any documentation required to be kept on site by the Stormwater Permit and may collect samples and take photos at the Facility.

16.     For a period of three (3) years following the Effective Date, the Companies shall provide the Attorney General's Office with the following documents in accordance with Section X (Notices), below:

a.     Copies of all documents Sulco and Sullivan submit to EPA, the Commonwealth of Massachusetts, and/or the City of Springfield concerning the Company's stormwater controls or the quality of the Companies' stormwater discharges, including but not limited to all documents and reports submitted as required by the Stormwater Permit. Such documents and reports shall be sent to the Attorney General's Office on the same day that they are submitted to the governmental entity.

b.     All maintenance records for the Facility's stormwater pollution control systems. Maintenance records will be provided within ten (10) business days of the Companies' receipt of a written request by the Attorney General's Office.

c.     Timely written notice of any planned or completed changes to the Companies' stormwater control measures, with dates of anticipated or completed changes.

d.     Current copies of the Companies' SWPPP within three (3) business days of a request by the Attorney General's Office.

e.     Laboratory reports and analytical results of stormwater sampling performed by or for either company within ten (10) business days of receiving the reports.

17.    Any information provided by the Companies may be used by the Commonwealth in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

18.    The Consent Decree in no way limits or affects any right of entry and inspection or any right to obtain information held by the Commonwealth of Massachusetts or any of its branches, departments, agencies, or offices pursuant to applicable federal or state laws, regulations, or permits, nor does it limit or affect any duty or obligation of either company to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

## VII.  INTERESTS AND COLLECTIONS

19.    If any payment required pursuant to this Consent Decree is late or not made, the Companies shall pay interest on any overdue amount for the period of such nonpayment at the rate of twelve percent (12%) per annum pursuant to G.L. c. 321 § 6B, computed monthly, and shall pay all expenses associated with collection by the Commonwealth of the unpaid amounts and interest for any period of nonpayment after the payment obligation becomes due, including reasonable attorney fees.

## VIII. EFFECT OF CONSENT DECREE

20.    Upon compliance by the Companies with the requirements of this Consent Decree, (a) this Consent Decree shall resolve the Companies' liability for the specific legal claims alleged against them in the Complaint, and (b) the Commonwealth shall release the Companies' from liability for the specific legal claims alleged against them in the Complaint. Notwithstanding the foregoing, the Commonwealth expressly reserves all claims for injunctive

9

relief for violations of all the statutes and regulations referred to in the Complaint, whether related to the specific legal claims resolved by the Consent Decree or otherwise.

21.     Nothing in this Consent Decree (a) shall bar any action by the Commonwealth on any legal claim not specifically pleaded in the Complaint or for any violations not revealed to the Commonwealth; (b) shall be deemed to excuse non-compliance by the Companies, or any of the persons or entities otherwise bound by this Consent Decree with any law or regulation; or (c) shall preclude a separate or ancillary action by the Commonwealth to enforce the terms of this Consent Decree or any permit or other approval issued by the Massachusetts Department of Environmental Protection or EPA relative to the Facility.

22.     This Consent Decree is not a permit, or a modification of any permit, under any federal, state, or local laws or regulations. The Companies are responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws, regulations, and permits; and the Companies' compliance with this Consent Decree shall not be a defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The Attorney General's Office does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that the Companies' compliance with any aspect of this Consent Decree will result in compliance with provisions of any federal, state, or local law, regulation, or permit.

23.     Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a party to this Decree.

## IX. MISCELLANEOUS

24.     Sulco and Sullivan understand and agree that, pursuant to 11 U.S.C. § 523(a)(7), the costs or sums that Sulco and Sullivan may be required to pay under this Consent Decree are not subject to discharge in any bankruptcy.

25.     Sulco and Sullivan shall pay all reasonable expenses, including reasonable attorney fees and costs, incurred by the Commonwealth in the enforcement of this Consent Decree.

26.     Nothing in this Consent Decree shall prevent Sulco or Sullivan from taking any action otherwise required by law.

27.     The titles in this Consent Decree have no independent legal significance and are used merely for the convenience of the parties.

28.     In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or State or Federal holiday, the period shall run until the close of business on the next business day.

29.     Sulco and Sullivan are jointly and severally responsible for complying with this Consent Decree and are jointly and severally liable for violations of this Consent Decree so long as they both remain parties to this Consent Decree. Should a transferee be substituted for either Sulco or Sullivan pursuant to paragraph 9 of this Consent Decree, then the remaining party and the transferee will be jointly and severally responsible for complying with this Consent Decree and will be jointly and severally liable for violations of this Consent Decree

30.     Signature of the parties transmitted by scanning and email are binding.

## X. NOTICES

31.     Unless otherwise specified in this Consent Decree, notices and submissions required by this Decree shall be made in writing by email to the following addresses:

For the Attorney General's Office and the Commonwealth:

Emily K. Mitchell, Attorney
Environmental Protection Division
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Emily.Mitchell@mass.gov

For Sulco and Sullivan:

Christopher B. Myhrum
Law Office of Christopher B. Myhrum
1500 Main Street, Suite 2010
Springfield, MA 01115-5407
chrismyhrum@myhrumlaw.com

or, to such other place or to the attention of such other individual as a party may from time to time designate by written notice to the other parties to this Consent Decree.

## XI. INTEGRATION

32.     Except as expressly set forth in this Consent Decree, this Consent Decree sets forth all of the obligations of the parties and represents the complete and exclusive statement of the parties with respect to the terms of the settled agreement embodied by this Consent Decree; any other representations, communications, or agreements by or between parties shall have no force and effect.

## XII. MODIFICATION

33.     The terms of this Consent Decree may be modified only by a subsequent written agreement signed by the parties. Where the modification constitutes a material change to any term of this Consent Decree, it shall be effective only by written approval of the parties and the

approval of the Court. The Commonwealth's decision to extend a deadline in this Consent Decree shall not constitute a material change for purposes of this Paragraph.

## XIV. AUTHORITY OF SIGNATORY

34.     The person signing this Consent Decree on behalf of Sulco acknowledges: (a) that they have personally read and understand each of the numbered Paragraphs of this Consent Decree, including any Appendices attached to it; (b) that they are authorized to sign and bind Sulco to the terms of this Consent Decree, and (c) that, to the extent necessary, Sulco's managers, directors, officers, and shareholders have consented to Sulco entering this Consent Decree and to its entry as a Final Judgment.

35.     The person signing this Consent Decree on behalf of Sullivan acknowledges: (a) that they have personally read and understand each of the numbered Paragraphs of this Consent Decree, including any Appendices attached to it; (b) that they are authorized to sign and bind Sullivan to the terms of this Consent Decree, and (c) that, to the extent necessary, Sullivan's managers, directors, officers, and shareholders have consented to Sulco entering this Consent Decree and to its entry as a Final Judgment.

## XV. RETENTION OF JURISDICTION

36.     The Court shall retain jurisdiction over this case for purposes of resolving disputes that arise under this Consent Decree, entering orders modifying this Consent Decree, or effectuating or enforcing compliance with the terms of this Consent Decree.

## XVI. FINAL JUDGMENT

37.     Upon approval and entry of this Consent Decree by the Court this Consent Decree shall constitute a Final Judgment of the Court.

OFFICE OF THE ATTORNEY GENERAL
MAURA HEALEY, ATTORNEY GENERAL

*Nora J Ch*
_____

Nora J. Chorover
Special Assistant Attorney General
Environmental Protection Division
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
617-963-2642
Nora.chorover@mass.gov

Dated: *12/7/2020*

SULCO WAREHOUSING & LOGISTICS, LLC

By: _____

Todd A. Goodrich, Manager
Sulco Warehousing & Logistics, LLC
311 Industry Avenue
Springfield, MA 01104

Dated: December 1, 2020

SULLIVAN HOLYOKE PROPERTY ASSOCIATES, INC.

By: _____

Robert M. Sullivan, Jr., President
Sullivan Holyoke Property Associates, Inc.
39 South Broad Street
Westfield, MA 01085

Dated: 12/1/2020

IT IS SO ORDERED. JUDGMENT is hereby entered in accordance with the foregoing.

By the Court:

/s/ Katherine A. Robertson,
_____

United States District Court

Dated: 1/25/2021

14